**E. BRENT BRYSON, ESQ.**
Nevada Bar No. 004933
**E. BRENT BRYSON, LTD.**
375 E. Warm Springs Road, Suite 104
Las Vegas, Nevada 89119
(702) 364-1234 Telephone
(702) 364-1442 Facsimile
Ebbesqltd@yahoo.com
*Attorney for Plaintiff Dawn Hare,*
*Individually, and as the Personal Representative of*
*the Estate of Jason Hare*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DAWN HARE, individually, and as the Personal Representative of the ESTATE OF JASON HARE;<br><br>Plaintiff;<br>vs.<br><br>CORECIVIC, INC., a Foreign Corporation; CORECIVIC OF TENNESSEE, LLC, a Limited-Liability Company; NEVADA SOUTHERN DETENTION CENTER, a business entity; CHRISTOPHER CHESTNUT, individually, and in his official capacity as Warden of Nevada Southern Detention Center; DOES I-X; and ROES XI-XX, inclusive;<br><br>Defendants. | CASE NO.:<br>DEPT. NO.:<br><br><br>**COMPLAINT**<br>(JURY TRIAL DEMANDED) |

COMES NOW, Plaintiff, DAWN HARE, individually, and as the Personal Representative of the ESTATE OF JASON HARE (hereinafter collectively "Plaintiff"), by and through her counsel, E. Brent Bryson, Esq. of the law offices of E. Brent Bryson, Ltd., and as and for her Complaint against Defendants, and each of them, allege and complain as follows:

1

**INTRODUCTION**

1.      This action is brought as a result of Defendants, and each of them, engaging in conduct that led to the death of Jason Hare at its facility in Nye County, Nevada.

**DEMAND FOR JURY TRIAL**

2.      Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands trial by jury on all issues raised in this action.

**JURISDICTION AND VENUE**

3.      This Federal District Court has jurisdiction over this civil tort action pursuant to 28 U.S.C. § 1332 because there exists complete diversity of citizenship of Plaintiff and the Defendants.

4.      This Federal District Court has jurisdiction over this civil tort action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00.

5.      This Federal District Court has jurisdiction over this civil tort action pursuant to 28 U.S.C. § 1332 as the occurrence giving rise to this case took place in Nye County, Nevada, and Defendants are doing business in the State of Nevada, County of Nye.

**THE PARTIES**

6.      That Plaintiff DAWN HARE is the mother and heir of Decedent JASON HARE and was and is at all relevant times hereto a resident of the State of Utah.

7.      That Plaintiff DAWN HARE has been appointed as the Personal Representative of the ESTATE OF JASON HARE and was and is at all relevant times hereto a resident of the State of Utah.

8.      That Defendant CORECIVIC, INC. (hereinafter Defendant "CoreCivic"), is a Foreign Corporation incorporated upon information and belief under the laws of the State of Maryland, and at all times relevant hereto was doing business in Nye County, Nevada.

2

9.    That Defendant CORECIVIC OF TENNESSEE, LLC. (hereinafter Defendant "CoreCivic of TN"), is a Limited-Liability Company incorporated upon information and belief under the laws of the State of Maryland, and at all times relevant hereto was doing business in Nye County, Nevada.

10.    That Defendant NEVADA SOUTHERN DETENTION CENTER (hereinafter Defendant "NSDC"), is a private prison business entity, and at all times relevant hereto, was doing business in Nye County, Nevada.

11.    That Defendant CHRISTOPHER CHESTNUT is the Warden of Nevada Southern Detention Center (hereinafter Defendant "CHESTNUT") in Nye County, Nevada and is sued in his individual and official capacity.

12.    That Defendant DOES I through X, inclusive, assisted in, participated in, facilitated, permitted or allowed the wrongful conduct set forth herein.  Plaintiff will ask leave of this Court to insert the true names and capacities of such Defendants when the same have been ascertained and will further ask leave to join said Defendants in these proceedings.

13.    That Defendant ROES XI through XX, inclusive, are supervisory and/or policy making officials of the CoreCivic Defendants, as yet unidentified, who have adopted, implemented, maintained or tolerated policies which permitted, facilitated or allowed the wrongful conduct set forth herein to occur or who have negligently trained, hired or supervised officers, agents or employees of the CoreCivic Defendants.  Plaintiff will ask leave of this Court to insert the true names and capacities of such Defendants when the same has been ascertained and will further ask leave to join said Defendants in these proceedings.

14.    That Plaintiff is informed, believes, and thereon alleges that the DOES/ROES Defendants are responsible, negligently or in some other actionable manner, for the events

3

and happenings hereinafter referred to, and caused injuries and damages proximately thereby to Plaintiff as hereinafter alleged.

15. That at all times pertinent hereto, Defendants, and each of them, were the agents, servants, employers and/or employees of each other and were acting within the course and scope of said relationship.

## FACTS COMMON TO ALL CAUSES OF ACTION

16. That Defendant CORECIVIC, INC. and Defendant CORECIVIC OF TENNESSEE, LLC. (hereinafter collectively referred to as the "CoreCivic" Defendants) own, occupy, operate, control, maintain, and/or manage certain real property located at 2190 E Mesquite Ave, Pahrump, NV 89060, commonly known as Nevada Southern Detention Center (hereinafter "NSDC").

17. That upon information and belief, the U.S. Bureau of Prisons (hereinafter "BOP") contracts with private prisons.

18. That upon information and belief, the BOP has a contract with CoreCivic to house BOP inmates at the NSDC in Pahrump, Nevada.

19. That the CoreCivic Defendants, one of the largest private prison companies in the United States, has a long and extensively documented history of failing to provide a safe and secure environment of its in-custody population.

20. That upon information and belief, the CoreCivic Defendants demonstrate yearly financial success, paying out dividends to shareholders rather than prioritizing the protection of the people it holds in custody.

///

///

4

21.    That the CoreCivic Defendants' prioritization of profits over people have resulted in in-adequate safety measures, inadequate medical care, insufficient staffing, untrained staff, and a culture that enables drug overdose by its in-custody population.

22.    That the frequency and severity of drug usage at NSDC by in-custody persons has raised serious concerns about the safety and security measures in place at NSDC, as well as raised concerns about the effectiveness and transparency of the CoreCivic Defendants' self-monitoring and investigative practices.

23.    That on December 28, 2021, Plaintiff's son JASON HARE was taken into custody by the State of Utah due to pending State charges.  He remained safely in Utah State custody for almost two years without a drug incident.

24.    That NSDC is a closed environment.  The individuals that are detained at NSDC are searched, strip-searched and their body cavities are searched prior to the detainees being admitted into the facility. Visitation with loved ones or friends is by telephonic communication only.  Mail to in-custody population is opened and searched before the mail is given to the in-custody population.  Only persons working for NSDC or approved by NSDC are allowed entry into this closed environment.

25.    That on June 7, 2023, JASON HARE was transferred to Defendant CoreCivic's property located at 2190 E Mesquite Ave, Pahrump, Nevada 89060, commonly known as NSDC.

26.    That on June 11, 2023, four days later, JASON HARE was found unresponsive in the second dormitory area where the general population is housed.

///

///

5

27.    That it is asserted upon information and belief, that staff from NSDC did not conduct timely safety checks on the in-custody population and that after the Decedent was finally found in distress, NSDC personnel did not timely respond with medical intervention.

28.    That on July 18, 2023, the Clark County Coroner determined that JASON HARE died on June 11, 2023 as a result of Acute Combined Drug Toxicity (Methamphetamine, Amphetamine, Fentanyl) after concurrent use of methamphetamine and fentanyl.

29.    That due to NSDC's security measures and policies and procedures, only an employee or other person authorized to enter the facility could have polluted the closed environment with drugs.

## FIRST CAUSE OF ACTION
### (Wrongful Death)

30.    That Plaintiff repeats and realleges the allegations contained in the paragraphs 1 through 29 above as though fully set forth herein by reference.

31.    That the death of Jason Hare was caused by the conduct of personnel from the "CoreCivic" Defendants in failing to provide a safe and secure environment for the Decedent and other in-custody detainees.

32.    That, specifically, personnel from CoreCivic allowed the introduction of illegal drugs into the closed environment due to their intentional or negligent conduct.

33.    That as a direct and proximate result of all Defendants' intentional and/or negligent acts, Mr. Hare was provided drugs which he ingested, ultimately dying.

34.    That it is further asserted, upon information and belief, that CoreCivic personnel failed to conduct timely safety checks of its in-custody population which could have prevented the death of the Decedent.

35. That it is further asserted, upon information and belief, that the Decedent Jason Hare did not receive timely and appropriate medical care after ingesting the illegal drugs which hastened and contributed to his death.

36. That Dawn Hare is a proper heir of the Decedent.

37. That as a direct and proximate result of all Defendants' conduct, Plaintiffs suffered damages in excess of Seventy-Five Thousand Dollars ($75,000.00), the exact amount to be proven at trial.

## SECOND CAUSE OF ACTION
### (Survivors Action)

38. That Plaintiff repeats and realleges the allegations contained in the paragraphs 1 through 37 above as though fully set forth herein by reference.

39. That Jason Hare, as a result of his injuries from the subject incident, died. However, prior to his death, he incurred significant injuries, severe shock to the nervous and other life systems, emotional trauma, and great pain and suffering.

40. That Mr. Hare's estate also suffered damages as a result of the burial and funeral costs incurred by the death of Jason Hare.

41. That due to Defendants' conduct, the estate of Jason Hare is entitled to recover all losses or damages which he incurred or sustained before his death as permitted by NRS 41.100.

42. That at all times mentioned above, the persons supplying the drugs to the Decedent were actively employed by, or under the supervision and control of "CoreCivic." Therefore, Defendants are vicariously liable for the aforementioned acts of the CoreCivic personnel because the conduct occurred during the course and scope of their employment with "CoreCivic."

7

43.    That as a direct and proximate result of all Defendants' acts as herein alleged, and each of them, Plaintiffs suffered damages in excess of Seventy-Five Thousand Dollars ($75,000.00), the exact amount to be proven at trial.

### THIRD CAUSE OF ACTION
#### (Negligence)

44.    That Plaintiff repeats and realleges the allegations contained in the paragraphs 1 through 43 above as though fully set forth herein by this reference.

45.    That at all times mentioned herein, Defendants were subject to a duty of care to provide personal safety to those residents who are in the care and custody of CoreCivic by keeping illegal drugs out of the closed environment facility, providing timely and appropriate medical attention to its in-custody population, and conduct timely safety checks on its in-custody population.  The conduct of Defendants as set forth herein did not comply with the standard of care to be exercised by reasonable prison and/or jail personnel and thus, the Defendants, and each of them, breached their duty of care.

46.    That as a direct and proximate result of Defendants' negligence as herein alleged, and each of them, Plaintiff has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), the exact amount to be proven at trial.

### FOURTH CAUSE OF ACTION
#### (Res Ipsa Loquitor)

47.    That Plaintiff repeats and realleges the allegations contained in the paragraphs 1 through 46 above as though fully set forth herein by this reference.

48.    That the death of the Decedent ordinarily would not occur in the absence of someone's negligence.

///

8

49.     That the Decedent's death was caused by a person, agency or instrumentality within the exclusive control of CoreCivic.

50.     That as a direct and proximate result of Defendants' conduct as herein alleged, and each of them, Plaintiff has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), the exact amount to be proven at trial.

## FIFTH CAUSE OF ACTION
### (Negligent Supervision and Training)

51.     That Plaintiff repeats and realleges the allegations contained in the paragraphs 1 through 50 above as though fully set forth herein by this reference.

52.     That upon information and belief, Defendants CoreCivic had prior notice of illegal drugs being smuggled into its closed environment and facility.  Defendants CoreCivic and specifically Defendant Warden Christopher Chestnut took no steps to further train its employees on detecting those persons who smuggle in illegal drugs into its facility. Additionally, Warden Chestnut and CoreCivic failed to properly supervise its employees to conduct timely safety checks on its in-custody population.

53.     That upon information and belief, Warden Chestnut and CoreCivic failed to train its employees to render appropriate medical care and response to those who ingested illegal drugs.

54.     That Warden Chestnut and CoreCivic has a mandatory duty to properly and adequately train and supervise officers and personnel under their control so as to avoid the unreasonable risk of harm to its in-custody population.

55.     That Warden Chestnut and CoreCivic failed to take necessary, appropriate or adequate measures to prevent illegal drugs from being introduced into its closed environment facility.

9

56.     That Warden Chestnut and CoreCivic breached their duty of care to the Plaintiff in that they failed to adequately train and supervise its officers by having inadequate training and supervisory procedures regarding preventing illegal drugs to be smuggled into its closed environment facility, failing to conduct timely safety checks on its in-custody population, and failing to render appropriate and timely medical aid to its in-custody population. Additionally, Warden Chestnut and CoreCivic failed to adequately monitor and supervise staff-inmate interactions.

57.     That as a direct and proximate result of Defendants' conduct as herein alleged, Plaintiff has been damaged in an amount in excess of Seventy-Five Thousand ($75,000.00), the exact amount to be proven at trial.

## SIXTH CAUSE OF ACTION
### (Loss of Consortium)

58.     That Plaintiff repeats and realleges the allegations contained in the paragraphs 1 through 57 above as though fully set forth herein by this reference.

59.     That due to the conduct by Warden Chestnut and CoreCivic personnel, Plaintiff has lost the love, affection and companionship of her son Jason.

60.      That as a direct and proximate result of Defendants' conduct as herein alleged, Plaintiff has been damaged in an amount in excess of Seventy-Five Thousand ($75,000.00), the exact amount to be proven at trial.

## ATTORNEY'S FEES

61.     That Plaintiff has been required to retain the law offices of E. Brent Bryson, Ltd. to prosecute this action and Plaintiff is thereby entitled to reasonable attorney's fees, costs and expenses incurred herein to prosecute this action.

///

10

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff expressly reserves the right to amend this Complaint at time of trial to include all items of damages not yet ascertained, and prays for judgment against Defendants, and each of them, as follows:

1.  For general damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00);

2.  For special damages in an amount to be proved at the time of trial;

3.  For compensatory damages in an amount to be proven at trial;

4.  For punitive and exemplary damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00);

5.  For an award of attorney's fees and costs of suit;

6.  For prejudgment interest as provided by law; and

7.  For such other and further relief as the Court may deem just or proper.

DATED this 4th day of June, 2025.

**E. BRENT BRYSON, LTD.**


*/s/ E. Brent Bryson, Esq.*
**E. BRENT BRYSON, ESQ.**
Nevada Bar No. 004933
375 E. Warm Springs Road, Suite 104
Las Vegas, Nevada 89119
(702) 364-1234 Telephone
(702) 364-1442 Facsimile
Ebbesqltd@yahoo.com
*Attorney for Plaintiff Dawn Hare,*
*Individually, and as the Personal*
*Representative of the Estate of Jason Hare*